**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**LUIS VILLA-VALENCIA (07),**

    **Defendant.**

**Case No. 16-20008-07-DDC**

## MEMORANDUM AND ORDER

Defendant Luis Villa-Valencia filed an Unopposed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 475). Before the court can rule Mr. Villa-Valencia's motion, it must determine whether it has jurisdiction to decide the motion. Section 3582(c)(1)(A)(i) provides that the court can reduce Mr. Villa-Valencia's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" (emphasis added). Here, Mr. Villa-Valencia contends he "has satisfied the exhaustion requirement because more than 30 days have passed since the warden received the request for compassionate release." *Id.* at 12. But, Mr. Villa-Valencia doesn't assert whether the warden responded within those 30 days. *See United States v. McIntosh*, No. 11-20085-01-KHV, 2020 WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, 2020 WL 6270918 (D. Kan. Oct. 26, 2020) ("[I]f the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court.").

2

The court thus directs Mr. Villa-Valencia to supplement his Unopposed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) with the required information about his exhaustive attempts **within 10 days of the date of this Order.**

**IT IS SO ORDERED.**

**Dated this 30th day of November, 2020, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**