IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**LUIS VILLA-VALENCIA (07),**<br><br>      **Defendant.** | **Case No. 16-20008-07-DDC** |

**MEMORANDUM AND ORDER**

Mr. Luis Villa-Valencia filed an Unopposed Motion to Reduce Sentence (Doc. 475) asking the court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). As suggested by the motion's title, the United States government does not oppose Mr. Villa-Valencia's motion. Mr. Villa-Valencia's motion cites the risks that the COVID-19 pandemic presents to his health and requests a modification of his sentence to time served. Doc. 475 at 1. For the following reasons, the court grants Mr. Villa-Valencia's motion.

**I.     Background**

In February 2016, the government filed an Indictment (Doc. 1) alleging that Mr. Villa-Valencia knowingly and intentionally conspired to distribute and possess with intent to distribute more than 50 grams of methamphetamine and a quantity of a mixture and substance containing a detectable amount of cocaine. Doc. 1 at 2–3. If proved beyond a reasonable doubt, these charges violate 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C), 846 and 18 U.S.C. § 2. *Id.* at 2. In April 2017, Mr. Villa-Valencia pleaded guilty to the conspiracy charge. Doc. 149 at 1. The Presentence Investigation Report ("PSR") calculated a total offense level of 27 and a criminal history category of II, producing a Guidelines sentencing range of 78 to 97 months'

imprisonment.  Doc. 221 at 13, 19.  In February 2018, the court sentenced Mr. Villa-Valencia to 78 months' imprisonment followed by three years of supervised release.  Doc. 246 at 2.  He is incarcerated at Great Plains Correctional Institution ("Great Plains CI").  Doc. 475 at 12; *see also* Luis Villa-Valencia, Register No. 27915-031, https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2020).

Mr. Villa-Valencia's current release date is scheduled for September 3, 2021.  Luis Villa-Valencia, Register No. 27915-031, https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2020).  As of now, his release date is less than 10 months away.  Also, Mr. Villa-Valencia is subject to an immigration detainer.  Doc. 221 at 20.  "Upon release, Mr. Villa-Valencia is subject to deportation."  Doc. 475 at 1; *see also* Doc. 246 at 5 (Judgment).[1]

Mr. Villa-Valencia asserts that the Bureau of Prisons ("BOP") confirmed a COVID-19 outbreak at Great Plains CI in May 2020.  Doc. 475 at 14; *see also* COVID-19 Coronavirus, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Nov. 18, 2020).  Mr. Villa-Valencia also contends that BOP hasn't been transparent about the number of COVID-19 cases at Great Plains CI because it is operated by a private corporation.  *Id.* at 13.

Mr. Villa-Valencia asserts that he is 36 years old and was diagnosed with Human Immunodeficiency Virus ("HIV") and he suffers from a low CD4 cell count.  Doc. 475 at 3; Doc. 475-2 (LabCorp Report Showing a Low CD4 Cell Count (generated Feb. 3, 2020)).  He also asserts that he has hypertension.  *Id.* at 5.  He argues these risk factors, in light of COVID-19, are extraordinary and compelling circumstances which warrant a reduced sentence.

---

[1]  An immigration detainer doesn't preclude compassionate release.  *See United States v. Pompey*, No. CR 97-0638 RB, 2020 WL 3972735, at *5 (D.N.M. July 14, 2020) (finding the court may grant a motion for "compassionate release and order immediate release from BOP custody to ICE").

## II. Legal Standard

A "'district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). "'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)). The First Step Act[2] permits a defendant to move the court to reduce his sentence under 18 U.S.C. § 3582(c). But the defendant may file such a motion only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) authorizes district courts to reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

## III. Discussion

### A. Exhaustion

Mr. Villa-Valencia asserts that he has exhausted his BOP remedies before filing his motion in federal court on November 16, 2020. Doc. 475 at 1 (citing Doc. 475-1 (Letter to

---

[2]     *See* First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194, 5239 (2018).

Warden Requesting Compassionate Release dated Oct. 15. 2020)).  In his Supplement to his motion, Mr. Villa-Valencia clarifies that he had sent a request for compassionate release to his warden on October 15, 2020 and he has not yet received a response.  Doc. 482 at 1.  Since more than 30 days have passed in silence without a response from the warden, Mr. Villa-Valencia has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *3 (D. Kan. Dec. 4, 2020) (concluding "that the better reading of § 3582(c)(1)(A)'s text is one that understands the statute to require 30 days to pass in silence"); *see also United States v. Gunn*, ___ F.3d ___, 2020 WL 6813995, at *1 (7th Cir. Nov. 20, 2020) (Easterbrook, J.) ("[I]n 2018 the First Step Act created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau to review the request and make a recommendation (or it let 30 days *pass in silence*)." (emphasis added)).  Because Mr. Villa-Valencia had exhausted his administrative rights before bringing this motion, the court may consider Mr. Villa-Valencia's motion.

### B.  Extraordinary and Compelling Reasons

Mr. Villa-Valencia seeks to modify his sentence under § 3582(c)(1)(A).  Doc. 475 at 1.  As already discussed, that statute authorizes district courts to reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "extraordinary and compelling reasons warrant the reduction,"[3] (2) "the

---

[3]  Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons exist "under any of the [four] circumstances set forth below" in (A) through (D).  U.S.S.G. § 1B1.13 application note

defendant is not a danger to the safety of any other person or the community," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The government doesn't oppose Mr. Villa-Valencia's argument that HIV and hypertension qualify as extraordinary and compelling circumstances. And, according to the CDC, both of these conditions could increase Mr. Villa-Valencia's risk of severe illness from COVID-19. *See* Centers for Disease Control, *People with Certain Medical Conditions*, Coronavirus Disease 2019 (COVID-19) (Dec. 1, 2020), at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Mr. Villa-Valencia's medical conditions, in the context of COVID-19, constitute an extraordinary and compelling circumstance because his ability to provide self-care is substantially diminished in prison and he is not expected to recover if he contracts COVID-19. *See* U.S.S.G. § 1B1.13 application note 1(A)(ii). Mr. Villa-Valencia has demonstrated a reason for filing a motion under § 3582(c) that qualifies as "extraordinary and compelling" under that statute.

The government also doesn't argue or contend that Mr. Villa-Valencia is a danger to the public. And, the record reveals no disciplinary issues during his time in custody. Thus, the court finds this requirement is satisfied.

So, the court must now consider the factors in § 3553(a) to determine whether Mr. Villa-Valencia's extraordinary and compelling reason warrants the sentence reduction he requests.

---

1. Subdivision (A) of Note 1 provides that the medical condition of a prisoner may qualify him for compassionate release, if (i) he is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover. *Id.* § 1B1.13 application note 1(A). Subdivisions (B) and (C) apply to age and family circumstances not invoked here. Subdivision (D) supplies a catchall provision: it applies when as determined by the "Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13 application note 1(D).

### C. Sentencing Factors Under § 3553(a)

#### 1. Generally

"Even if the court finds extraordinary and compelling reasons under section 3582(c), the court must still engage in a balancing of the factors listed in section 3553(a) to determine an appropriate sentence." *United States v. Davis*, No. 03-10157-1-JTM, 2020 WL 3037249, at *4 (D. Kan. June 5, 2020), *reconsideration denied*, No. 03-10157-1-JTM, 2020 WL 3271637 (D. Kan. June 17, 2020). Mr. Villa-Valencia asserts that a sentence reduction would comply with the sentencing factors in § 3553(a). Doc. 475 at 14. The government doesn't oppose Mr. Villa-Valencia's motion. *See id.* at 1.

When the court sentenced Mr. Villa-Valencia in 2018, it adhered to § 3553(a)'s mandate to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2). So, if the court were to analyze the § 3553(a) factors exactly as it did during Mr. Villa-Valencia's 2018 sentencing, then a reduced sentence would fall short of sufficiently reflecting those sentencing factors. But the court's analysis today is not necessarily identical to its earlier application of § 3553(a) to Mr. Villa-Valencia. The court does not hold its analysis of each of the sentencing factors static across time. Rather, today the court considers certain non-static § 3553(a) factors when ruling on a motion under § 3582(c)(1)(A), it takes into account facts and circumstances that have emerged since the court's original sentencing decision. *See, e.g.*, *United States v. Dobbertin*, ___ F. Supp. 3d ___, No. 12-20139-01-DDC, 2020 WL 4365542, at *5 (D. Kan. July 30, 2020) (considering facts and events that occurred during defendant's incarceration when applying § 3553(a) factors to motion to reduce sentence under § 3582(c)(1)(A)(i)); *United States v. Graham*, No. 99-10023-02-JTM, 2020 WL 4344192, at *1 (D. Kan. July 22, 2020) (same). While the nature and circumstances of Mr. Villa-Valencia's

offense and the need for his sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense have not changed, other things have.

The obvious example is COVID-19. The world is now weathering a viral pandemic that did not exist when the court considered § 3553(a) during Mr. Villa-Valencia's sentencing in 2018. To apply the court's 2018 view of § 3553(a) to Mr. Villa-Valencia now risks failing to adhere to § 3553(a)'s requirement that it impose a sentence "not greater than necessary." *See United States v. Mel*, No. CR TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) ("The fact that [defendant] has been incarcerated . . . during a serious outbreak of COVID-19 inside the facility sufficiently increased the severity of the sentence beyond what was originally anticipated . . . ."). So, recognizing various developments since the court sentenced Mr. Villa-Valencia, the court considers certain § 3553(a) factors, as applied to him, differently today than it once did. *See United States v. Johnson*, No. 5:18-CR-40006-HLT, 2020 WL 4284314, at *3 (D. Kan. July 27, 2020) (rejecting the government's argument that "'releasing the defendant undervalues the gravity of the crime that he committed and the need to provide just punishment under the circumstances'" because "[a]lthough the original sentence was appropriate when imposed and the committed crime serious, the Court must also recognize the current risk to Defendant from continued incarceration in light of his multiple serious medical conditions and the COVID-19 pandemic.").

The court thus views in new light sentencing factors like the characteristics of Mr. Villa-Valencia, the need to provide him with needed medical care effectively, and the kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1), (2)(D), (3). Given Mr. Villa-Valencia's health conditions and the relative medical risks he faces in prison, each of these factors applied here favors a lesser sentence more today than they did when the court considered them during Mr.

Villa-Valencia's 2018 sentencing.  This outweighs any consequent increase in concern about unwarranted sentencing disparities across like-defendants under § 3553(a)(6).  *See Johnson*, 2020 WL 4284314, at *3 ("Any disparity in sentencing between Defendant and similar offenders must be considered against Defendant's heightened risk due to his serious medical conditions").

### 2. Application of § 3553(a) to Mr. Villa-Valencia

*A. Nature and Circumstances of the Offense*[4]

Between June 1, 2013, to September 9, 2015, Mr. Villa-Valencia knowingly and intentionally conspired to distribute and possess with intent to distribute methamphetamine and a mixture and substance containing cocaine.  Doc. 221 at 5.  Mr. Villa-Valencia was identified as a customer and worker for Oscar Aguilera, a narcotics dealer.  *Id.* at 9.  Agents monitored Mr. Villa-Valencia's residence and later conducted a search.  *Id.* at 10.  Agents found large quantities of narcotics, currency, digital scales, and a gun.  *Id.* at 10–11.  Cooperating witnesses identified Mr. Villa-Valencia's residence as the place where Mr. Aguilera stored his narcotics.  *Id.* at 11.  Mr. Villa-Valencia participated in a serious felony offense.  But, it is believed Mr. Villa-Valencia was a minimal participant in the conspiracy and he did not participate in the narcotics sales outside of the use of his residence.  *Id.* at 13.  This factor weighs in favor of Mr. Villa-Valencia's motion, albeit just slightly, because of his minimal participation in the conspiracy.

*B. History and Characteristics of the Defendant*

Before this offense, Mr. Villa-Valencia had many traffic violations, including a conviction for driving while under the influence.  *Id.* at 14.  He also had a drug conviction for possession of cocaine in 2007.  *Id.* at 14–17.  These offenses resulted in a criminal history

---

[4] Some of the facts discussed in Parts A–D come from the PSR.  Mr. Villa-Valencia did not object to any aspect of the report relied on in this Order.  Doc. 221 at 23.

8

category of II. *Id.* at 16. Mr. Villa-Valencia suffers from HIV and hypertension. Because of his health condition and non-violent criminal history, this factor favors Mr. Villa-Valencia's request.

### *C. The Need for the Sentence to Reflect Offense's Seriousness, to Provide Just Punishment, and to Afford Adequate Deterrence to Criminal Conduct*

When the court sentenced Mr. Villa-Valencia, it adhered to the statutory mandate that it impose a sentence that was "not greater than necessary." Mr. Villa-Valencia received a significant but, in context, appropriate sentence at the time of his sentencing. The court sentenced Mr. Villa-Valencia to 78 months' imprisonment and 3 years supervised release. Doc. 247 at 1–2.

Mr. Villa-Valencia's release date is September 3, 2021. Doc. 475-1 at 3. Reducing Mr. Villa-Valencia's sentence by about ten months, after he has served about 85% of his sentence, is warranted in light of his significant health conditions, his heightened risk of contracting COVID-19, and his heightened risk of suffering severe complications from such a disease.

### *D. The Sentencing Range Established for the Offense*

Reducing Mr. Villa-Valencia's sentence to time served would reduce his sentence from 78 months to 68 months. Mr. Villa-Valencia's serious health conditions, in light of COVID-19, warrant the reduction to time served.

The court's analysis of the § 3553(a) factors, in aggregate, has shifted enough since Mr. Villa-Valencia's original sentencing to render appropriate the modified sentence and its reduced severity relative to the original sentence. The modified sentence reflects the applicable sentencing factors and is sufficient to comply with the purposes set forth in § 3553(a)(2). The court thus grants Mr. Villa-Valencia's motion and modifies his sentence under § 3582(c)(1)(A)(i).

### IV.      Conclusion

Mr. Villa-Valencia presents a circumstance that qualifies as extraordinary and compelling under § 3582(c)(1)(A)(i). After considering the factors in § 3553(a), the court concludes that they permit a reduction of Mr. Villa-Valencia's sentence to time served and that such modifications to his sentence are warranted by the extraordinary and compelling circumstances that his medical conditions and the COVID-19 pandemic present.

The court thus grants Mr. Villa-Valencia's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 475) and modifies his sentence consistent with this Order. **This Order does not nullify or supersede any detainer lodged against Mr. Villa-Valencia.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Villa-Valencia's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 475) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** all previously-imposed terms and conditions of defendant's supervised release remain in effect. This order does not alter the special conditions the court previously established for Mr. Villa-Valencia's release including "[u]pon completion of the term of imprisonment, the defendant is to be surrendered to a duly authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101–1524." Doc. 246 at 5. And "[i]f ordered deported, the defendant shall not unlawfully reenter the United States." *Id.*

**IT IS FURTHER ORDERED THAT** this Order is stayed for as long as 14 days, for the verification of Mr. Villa-Valencia's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure his safe release. Mr. Villa-Valencia shall be released as soon as a release plan is established, appropriate travel arrangements are made, and it is safe for him to travel. There shall be no delay in ensuring that travel arrangements are made.

If more than 14 days are needed to make appropriate travel arrangements and to ensure Mr. Villa-Valencia's safe release, the parties shall immediately notify the court and show cause why the court should extend the stay.

**IT IS SO ORDERED.**

**Dated this 10th day of December, 2020, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**